IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KENNETH DOUGLAS CHAPMAN, ) | | |
| TDCJ #511667, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | Civil No. 7:13-CV-014-O-BL | |
| ) | | |
| RICK THALER, Director, ) | | |
| Texas Department of Criminal Justice, ) | | |
| Correctional Institutions Division, ) | | |
| Respondent. ) | | |

ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Petitioner's objections thereto, I am of the opinion that the Report and Recommendation of the Magistrate Judge is correct and it is hereby adopted and incorporated by reference as the Findings of the Court.

Additionally, in his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that he was deprived of property without due process of law as a result of the prison disciplinary action that was taken against him. Such a claim does not implicate the fact and/or duration of Petitioner's confinement and therefore is not cognizable in a habeas action. However, such a claim could be considered in a civil rights action.

The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no

breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no writ*). If Defendants exercised unauthorized and unlawful control over Plaintiff's property, he has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983).

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that Petitioner's civil rights claim involving deprivation of property is DISMISSED without prejudice.

The Clerk of Court shall open and close a civil rights action for statistical purposes.

SO ORDERED this 14th day of March, 2013.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE